CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARK WADE RICHARDS, | ) | |
| | ) | Civil Action No. 7:05-CV-00239 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, DIRECTOR OF | ) | |
| VIRGINIA DEPARTMENT OF | ) | |
| CORRECTIONS | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Petitioner Mark Wade Richards brings this 28 U.S.C. § 2254 action challenging revocation of his probation for convictions of felony hit and run, driving as a habitual offender, and driving under the influence. Richards claims that his counsel provided ineffective assistance, that admission of urinalysis results at his revocation hearing violated his rights to due process, and that the Supreme Court of Virginia violated his due process rights by dismissing his state habeas petition in a summary order. This matter is before the court on the respondent's motion to dismiss. The court finds that the Supreme Court of Virginia has already adjudicated Richards' claim of ineffective assistance and his claim regarding admission of urinalysis results, and the court rendered decisions that were not contrary to clearly established federal law, based on an unreasonable application of federal law, or based on an unreasonable determination of the facts. Additionally, Richards' claim of error in his state collateral proceedings is not cognizable on federal habeas. Accordingly, the court grants respondent's motion to dismiss.

**I.**

In the Circuit Court of Paige County, Richards pled guilty to felonious hit and run, driving as a habitual offender, and driving under the influence. The court sentenced Richards to eleven years with ten years suspended. While in prison, Richards tested positive for methamphetamine use. During the probation revocation hearing, the state presented urinalysis test results and a letter from Richards' probation officer. Richards' counsel objected to the test results as hearsay, but the court overruled. The court revoked five years of Richards' suspended sentence.

Richards filed a habeas petition in the Supreme Court of Virginia, claiming that his counsel provided ineffective assistance at his probation revocation hearing by failing to subpoena certain witnesses or "present any defense," such as research to show cough syrup could produce a false positive for methamphetamine in an urinalysis test; that his counsel provided ineffective assistance by failing to appeal his probation revocation despite his request; and that admissibility of the urinalysis test results without a properly established chain of custody violated his Fifth and Fourteenth Amendment rights. In a summary order, the Supreme Court of Virginia dismissed Richards' petition, citing Gagnon v. Scarpelli.[1]

In his federal habeas petition, Richards again claims that his counsel provided ineffective assistance at the revocation hearing and that admission of the urinalysis results violated his due process rights, and, for the first time, he claims that the Supreme Court of Virginia violated his

---

[1] 411 U.S. 778 (1973) (A probationer has no per se right to counsel for a probation revocation proceeding. Rather, the determination must be made on a case-by-case basis, considering such factors as whether "there are substantial reasons which justified or mitigated the violation," whether the reasons for the violation are "complex or otherwise difficult to develop or present," and "whether the probationer appears to be capable of speaking effectively for himself.").

due process rights by providing an inadequate level of review for his state habeas petition.

## II.

The federal habeas statute prohibits this court from granting relief on any claim that the state court adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 364-5 (2000). The court finds that the Supreme Court of Virginia adjudicated Richards' ineffective assistance of counsel claim and his due process claim regarding the urinalysis results on the merits[2] and that the adjudications were not contrary to clearly established federal law, based on an unreasonable application of federal law, or based on an unreasonable determination of the facts. Accordingly, the court dismisses Richards' claims.

When adjudicating Richards' ineffective assistance claims, the Supreme Court of Virginia cited the correct applicable Supreme Court precedent, Gagnon, and the court did not unreasonably apply the rule of that case. Richards' case was not exceptionally complicated and, based upon his communications with this court, Richards appears capable of speaking effectively for himself. Gagnon, 411 U.S. at 790-91. Thus, it was not unreasonable or contrary to federal law for the Supreme Court of Virginia to conclude that Richards was not constitutionally entitled to counsel and to, therefore, deny his ineffective assistance claim. See Wainwright v. Torna, 455

---

[2]The Supreme Court of Virginia dismissed Richards' habeas petition in a short summary order, stating that "the writ of habeas corpus should not issue as prayed for." That dismissal via summary order constituted an adjudication on the merits. See Bell v. Jarvis, 236 F.3d 149, 158 (4th Cir. 2000).

U.S. 586, 587-88 (1982) (holding that an ineffective assistance of counsel claim is tenable only when there is an underlying Sixth Amendment right to counsel).

Additionally, the Supreme Court of Virginia did not contravene clearly established federal law when denying Richards' due process claim regarding admission of the urinalysis test results. See Pa. Bd. of Prob. & Parole v. Scott, 524 U.S. 357, 366 (1998) (holding that traditional rules of evidence do not apply to parole revocation hearings); see also United States v. Armstrong, 187 F.3d 392, 393 (4th Cir. 1999); Morrisey v. Brewer, 408 U.S. 471, 480 (1972) (equating parole with probation based on similar due process rights and conditional liberty).

### III.

Finally, Richards claims that the Supreme Court of Virginia failed to provide a proper level of review for his state habeas petition in violation of his due process rights.[3] Claims of error in state collateral proceedings are not cognizable on federal habeas. Bryant v. State of Md., 848 F.2d 492, 493 (4th Cir. 1988). Accordingly, the court dismisses Richards' claim.

### IV.

For the foregoing reasons, the court grants respondent's motion to dismiss.

ENTER: This 21st day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[3] In his federal petition, Richards appears to have abandoned his claim that counsel provided ineffective assistance by failing to appeal the revocation decision.

4